UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 03-CR-0071-CVE |
| | ) | (16-CV-0327-CVE-TLW) |
| BILLY JOE HILL, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 203) and defendant's Motion for Counsel Appointment and Evidentiary Hearing (Dkt. # 209).[1] Defendant received authorization from the Tenth Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255 asserting a claim based on the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). On June 2, 2016, defendant filed a § 2255 motion raising a <u>Johnson</u> claim, and he argues that he is no longer eligible for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA).

**I.**

In a superseding indictment, defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (counts one and three) and making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6) (count two). Dkt. # 2. The

---

[1] Defendant has also filed a Motion to Amend Petition Aug. 5th Response with Attachments (Dkt. # 214). The motion is actually a request to supplement his reply (Dkt. # 208). The Court will consider the additional materials submitted by defendant, and his motion (Dkt. # 214) is granted.

Court appointed three attorneys to represent defendant, and defendant was unable to work with any of the attorneys appointed by the Court. Defendant exercised his right to represent himself at trial after being fully advised of the risks of self-representation. The jury found defendant guilty of counts one and two but could not reach a decision as to count three. Dkt. ## 105, 106. The government moved to dismiss count three of the superseding indictment, and the motion was granted. Dkt. ## 107, 108.

A presentence investigation report (PSR) was prepared, and it noted that defendant had at least three prior felony convictions that qualified as violent felonies under the ACCA. Defendant had been convicted of robbery with a firearm, robbery with a dangerous weapon after two or more felony convictions, and assault and battery with a dangerous weapon. Defendant was represented by counsel during the sentencing proceedings, and defense counsel filed an objection to the PSR, arguing that defendant's conviction for assault and battery with a dangerous weapon was not a violent felony. Dkt. # 119, at 2. A sentencing hearing was held on June 16, 2005, and the Court found that defendant should be sentenced under the ACCA.[2] Dkt. # 151, at 9-10. Under the United States Sentencing Guidelines, defendant had a total offense level of 33 and criminal history category

---

[2] The convictions used to enhance defendant's sentence under the ACCA were the following three convictions: (1) Robbery with Firearms, District Court of Tulsa County, Oklahoma, Case Number CRF-74-2993, April 7, 1975; (2) Robbery with a Dangerous Weapon after Two or More Felony Convictions, District Court of Creek County, Case Number CRF-85-12, December 2, 1985; and (3) Assault and Battery with a Dangerous Weapon, District Court of Cleveland County, Case Number CRF-87-1363, September 15, 1988. In his supplement (Dkt. # 214), defendant argues that a felony assault and battery with a dangerous weapon charge filed in 1981 has been used to enhance his sentence under the ACCA, and he has attached evidence that the charge was later reduced to a misdemeanor and that a different "Billy Joe Hill" was convicted in that case. Dkt. # 214, at 1, 4-5. This conviction was not mentioned in the PSR and it was not used to enhance his sentence under the ACCA, and defendant's argument does not tend to show that he was improperly sentenced under the ACCA.

of IV, and this resulted in a guideline range of 188 to 235 months imprisonment. Defendant was sentenced to 212 months imprisonment. Dkt. # 126. Defendant filed a direct appeal challenging his convictions and sentence, and the Tenth Circuit affirmed defendant's convictions and sentence. Dkt. # 160. Defendant filed a § 2255 motion (Dkt. ## 164, 169) raising numerous claims concerning the validity of his convictions and sentence, and his motion was denied. Dkt. # 188. Defendant sought a certificate of appealability (COA) from the Tenth Circuit, and his request for a COA was denied. Dkt. # 198.

On May 13, 2016, the Tenth Circuit entered an order authorizing defendant to proceed with a second or successive § 2255 motion asserting a claim under Johnson. Dkt. # 202. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[3] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). Defendant's § 2255 motion is timely and the Court has ordered the government to respond to the motion. The government has filed its response (Dkt. # 207) and defendant has filed a reply (Dkt. ## 208, 214), and defendant's § 2255 motion is fully briefed.

---

[3] When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

3

## II.

Defendant argues that his sentence should be reduced in light of the Supreme Court's decision in Johnson. Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and, under 18 U.S.C. § 924(a)(2), the maximum punishment for this offense is 10 years imprisonment. However, if a defendant has three or more prior convictions that qualify as a violent felony or a serious drug offense, the defendant is subject to a statutory mandatory minimum sentence of 15 years and a possible maximum sentence of life imprisonment under the ACCA. Prior to Johnson, the ACCA defined "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2). The latter section of this definition treating a prior conviction as a violent felony if it "involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." In Johnson, the Supreme Court found that the residual clause was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57. Johnson does not impact the validity of any other provision of the ACCA, and the Supreme Court stated that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses [burglary, arson, extortion, or involves the use of explosives], or the remainder of the Act's definition of a violent felony." Id. at 2563. The Supreme Court

subsequently determined that Johnson is retroactively applicable to cases on collateral review. Welch, 136 S. Ct. at 1268.

Courts generally apply a categorical approach to determine if a prior conviction qualifies as a predicate offense under the ACCA. Taylor v. United States, 495 U.S. 575, 588-89 (1990). Under the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime –i.e., the offense as commonly understood." Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). A prior conviction qualifies as a predicate offense under the ACCA "only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. The Tenth Circuit has described the application of the categorical approach as follows:

> [D]etermining whether a prior conviction falls under the ACCA, we apply a "categorical approach," generally looking only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction. That is, we consider whether the elements of the offense are of the type that would justify its inclusion within the ACCA, without inquiring into the specific conduct of this particular offender. To satisfy this categorical approach, it is not necessary that every conceivable factual offense covered by a statute fall within the ACCA. Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, qualifies under the ACCA as a violent felony or a serious drug offense.

United States v. Smith, 652 F.3d 1244, 1246 (10th Cir. 2011). A prior conviction may be treated as a violent felony under the "elements" clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I). The Supreme Court has interpreted "physical force" to mean "violent force–that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). In applying the "elements" clause, a court must consider only "whether the statute of

5

conviction required proof of the use, threatened use, or attempted use of physical force." United States v. Maldonado-Palma, ___ F.3d ___, 2016 WL 6211803 (10th Cir. Oct. 25, 2013).

The Court will initially consider whether defendant's prior conviction for assault and battery with a dangerous weapon still qualifies as a violent felony. The statute of conviction for defendant's conviction for assault and battery with a dangerous weapon is OKLA. STAT. tit. 21, § 645, which at the time of defendant's conviction stated:

> Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony . . . is guilty of a felony . . . .

OKLA. STAT. tit. 21, § 645 (1991). In a prior case, this Court conducted a detailed analysis of the statute and Oklahoma case law, and determined that § 645 has a divisible set of elements and contains two separate offenses. United States v. Scott, 2016 WL 6808149 (N.D. Okla. Nov. 17, 2016). The Court relied on an unpublished Tenth Circuit decision, United States v. Mitchell, 653 F. App'x 639 (10th Cir. June 29, 2016), for the proposition that § 645 "'criminalizes an 'assault, battery, or assualt and battery' with a sharp or dangerous weapon, and in the alternative it criminalizes 'shoot[ing] at another' with a gun or similar means." Scott, 2016 WL 6808149 at *5 (quoting Mitchell, 653 F. App'x at 643). A court considering whether a conviction under § 645 is a violent felony must apply the modified categorical approach and examine the charging document to determine which of the two offenses of which a defendant was convicted. Id. at *6. The government has attached a copy of the charging document to its response, and the charging document states that defendant "did unlawfully, wilfully, wrongfully, intentionally, and feloniously without justifiable or excusable cause commit an assault and battery on one George Lindley with

6

a certain dangerous weapon . . . with the unlawful and felonious intent then and there to do him bodily harm." Dkt. # 207-2, at 1. Defendant was charged with the assault and battery offense contained in § 645, and this is a violent felony under the elements clause of the ACCA. Mitchell, 653 F. App'x at 645; Scott, 2016 WL 6808149 at *6; see also United States v. Taylor, 843 F.3d 1215 (10th Cir. 2016) (a conviction under § 645 qualifies as a "crime of violence" under the United States Sentencing Guidelines).

Defendant also has two convictions for robbery with a firearm that were treated as violent felonies, and the statute of conviction for both convictions is OKLA. STAT. tit. 21, § 801. Oklahoma law generally defines robbery as a "wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." OKLA. STAT. tit. 21, § 791. Section 801 increases the penalty for robbery for any person who "with the use of any firearms or any other dangerous weapon . . . robs or attempts to rob any place of business or attempts to rob any place of business, residence or banking institution . . . ." OKLA. STAT. tit. 21, § 801. According to the Oklahoma Court of Criminal Appeals, the elements of robbery with a dangerous weapon in violation of § 801 include the wrongful taking of property from another by "by force/fear" through the use of a dangerous weapon. Primeaux v. State, 88 P.3d 893, 906 (Okla. Cr. App. 2004). The offense of robbery with a dangerous weapon clearly "has as an element the use, attempted use, or threatened use of physical force against the person of another," and defendant's convictions under § 801 are violent felonies under the elements clause of the ACCA. 18 U.S.C. § 924(e)(2)(B)(I); see also United States v. Motsenbocker, 2017 WL 1366067, *2 (W.D. Okla. Apr. 12, 2017); Hart v. United States, 2016 WL 3200199 (W.D. Mo. June 7, 2016).

7

Defendant has three convictions that qualify as violent felonies, even after the Johnson decision, and he has not shown that he is entitled to relief under Johnson. This is the only claim that defendant was authorized by the Tenth Circuit to pursue in his second or successive § 2255 motion, and the Court finds that defendant's § 2255 motion (Dkt. # 203) should be denied.[4] Dkt. # 202 (Tenth Circuit order authorizing defendant to "file a second or successive § 2255 motion in district court to raise a claim based on [Johnson]." Defendant has requested an evidentiary hearing and the appointment of counsel. The record conclusively shows that defendant is not entitled to relief and an evidentiary hearing is unnecessary. See 28 U.S.C. § 2255(b). As to defendant's request for appointment of counsel, defendant does not have a Sixth Amendment right to counsel to assist him in § 2255 proceedings and the Court has not found that defendant is entitled to an evidentiary hearing. See United States v. Leopard, 170 F.3d 1013 (10th Cir. 1999).

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 203) and defendant's Motion for Counsel Appointment and Evidentiary Hearing (Dkt. # 209) are **denied**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that defendant's motion to supplement his reply (Dkt. # 214) is **granted**.

---

[4] Defendant could be asserting a claim that he should be released from prison due to his poor health. Dkt. # 203. This claim is not within the scope of the Tenth Circuit's order, and federal courts lack the jurisdiction to review the denial of a request for compassionate release. Crowe v. United States, 430 F. App'x 484 (6th Cir. July 18, 2011).

**IT IS FURTHER ORDERED** that the Court Clerk is directed to send a copy of this Opinion and Order and the Judgment to the Tenth Circuit Court of Appeals in connection with Appeal Number 17-5050.

**DATED** this 15th day of May, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE